### PEOPLE *v.* McCROHAN.

CRIMINAL LAW—DRIVING AUTOMOBILE WHILE UNDER INFLUENCE OF INTOXICATING LIQUOR—BLOOD TEST.

> A person who is charged with driving under the influence of intoxicating liquor must be advised of his right to refuse a chemical test of his blood but need not be advised of his right to have a blood test administered (CLS 1961, § 257.625; § 257.625a, as amended by PA 1964, No 104).

---

REFERENCES FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobiles and Highway Traffic §§ 115, 259, 260, 332–334.

Appeal from Recorder's Court of Detroit; Wood (Andrew C.), J. Submitted Division 1 June 8, 1967, at Grand Rapids. (Docket No. 2,361.) Decided December 5, 1967.

Michael James McCrohan was convicted of operating a motor vehicle while under the influence of intoxicating liquor. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*Tauber & Garon,* for defendant.

HOLBROOK, P. J. On May 16, 1966, defendant was tried and convicted of the offense of operating a motor vehicle while under the influence of intoxicating liquor,[1] by the court without a jury in the recorder's court, traffic and ordinance division. He was sentenced to 5 days in the Detroit house of correction and required to pay costs of $75.

Defendant has appealed and raises one question for review: *Was defendant properly advised of his rights in accordance with CLS 1961, § 257.625a, as amended by PA 1964, No 104, effective, August 28, 1964 (Stat Ann 1965 Cum Supp § 9.2325[1])?*[2]

The pertinent facts appear as follows: In the city of Detroit on March 25, 1966, at 8 p.m., the defendant was observed driving in an improper manner. He was stopped, placed under arrest and taken to a police station. Later, when he complained of being ill, he was taken to Detroit Receiv-

---

[1] CLS 1961, § 257.625 (Stat Ann 1960 Rev § 9.2325).

[2] See, currently, as amended by PA 1967, No 253 (Stat Ann 1968 Cum Supp § 9.2325[1]).—REPORTER.

ing Hospital for a short while and then to the police station on Beaubien street.

Officer Trozak of the Detroit police department testified that defendant had been driving while under the influence of intoxicating liquor, describing his demeanor, et cetera. The officer on cross-examination by defendant's counsel stated that he had advised the defendant of his right to take a breathalyzer test, a blood test by a doctor, or any other test he would like to take. The officer during cross-examination also stated defendant refused to take a test because "he wouldn't be able to pass it, he had too much to drink."

The officer admitted that he did not inform defendant that he could go to Receiving Hospital for a blood test, and this appears to be the main basis for defendant's appeal.

Defendant took the stand and denied that he had been driving while under the influence of intoxicating liquor, but that at the time he was ill and had cramps.

The trial court was the trier of the facts and found defendant guilty. It is evident that the trial judge believed the testimony of the officer and rejected that of defendant.

This case is governed by our decision in *People v. Church* (1966), 5 Mich App 303. Defendant cannot complain of the officer's failure to advise him he could have a blood test at Receiving Hospital because the applicable statute does not require such advice to be given.

Affirmed.

BURNS and McGREGOR, JJ., concurred.