[No. 46364. En Banc. June 12, 1980.]

THE CITY OF BLAINE, *Respondent*, v. ERNEST SUESS, *Petitioner*.

*Richard C. Platte* (of *Rusing & Platte*), for petitioner.

*Richard A. Nelle, City Attorney,* for respondent.

WILLIAMS, J.—Petitioner Suess seeks review of a decision of the Court of Appeals affirming his conviction for driving while under the influence of alcohol. *Blaine v. Seuss,* 22 Wn. App. 809, 592 P.2d 662 (1979). We reverse.

At approximately 1:45 a.m. on January 16, 1977, petitioner was stopped and arrested by Blaine Police Officer William Quaade for driving while under the influence of alcohol. Petitioner was transported to the Blaine Police Station by patrol car and, upon arriving at the station, was advised of his rights under RCW 46.20.308(1) (Laws of 1975, 1st Ex. Sess., ch. 287, § 4, p. 1225, *amended,* Laws of 1979, 1st Ex. Sess., ch. 176, § 3, p. 1629), including the right to take additional tests at his own expense after a Breathalyzer test was administered. Officer Quaade then gave

petitioner the Breathalyzer and recorded a blood alcohol reading of .19 percent by weight.

After the Breathalyzer, petitioner informed Officer Quaade that he wished to undergo additional tests, and the officer responded by stating that in accordance with usual practice petitioner would be transported to St. Luke's Hospital in Bellingham for the test. Petitioner indicated that that arrangement was acceptable to him. On the way to Bellingham, he renewed this request to the driver of the patrol car, a deputy sheriff, but petitioner was nevertheless taken directly to Whatcom County Jail in Bellingham, where he spent the night.[1] Petitioner testified that he made no further requests, because the deputy sheriff told him that he was going to jail and that blood tests were not conducted in the county jail building.

Petitioner was subsequently charged with and convicted of operating a motor vehicle while under the influence of or affected by intoxicating liquor. RCW 46.61.506 (Laws of 1975, 1st Ex. Sess., ch. 287, § 1, p. 1223). Prior to trial, he moved to suppress evidence obtained from the Breathalyzer test, and after a guilty verdict was returned, he moved for an order in arrest of judgment or a new trial. These motions were based on the contention that he was denied the right to attempt to procure a chemical test in addition to the Breathalyzer test administered by the police. The motions were denied, and following conviction petitioner appealed. In a split decision, the Court of Appeals affirmed the conviction, holding that the police did not deny petitioner a reasonable opportunity to procure the additional tests and that there was thus no due process violation. *Blaine v. Suess, supra.*

The right to have an additional scientific test of one's own choosing when arrested for driving while under the influence of alcohol is secured by statute. RCW 46.61.506(5) provides:

---

[1]The deputy sheriff did not testify in the case.

(5) The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer. The failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.

In addition, the implied consent statute requires the police officer administering the Breathalyzer test to inform the accused of his right to have additional tests. It provides, in pertinent part:

Such officer shall inform the person of his right to refuse the test, and of his right to have additional tests administered by any qualified person of his choosing as provided in RCW 46.61.506.

RCW 46.20.308(1).

Moreover, several Washington cases have affirmed an individual's right to undergo additional tests of his own choosing after he has either taken or refused the police-administered test. *See, e.g., State v. Richardson,* 81 Wn.2d 111, 499 P.2d 1264 (1972); *Greenwood v. Department of Motor Vehicles,* 13 Wn. App. 624, 536 P.2d 644 (1975).

█ Petitioner does not dispute that he was advised of his rights, but argues that he was unreasonably prevented from securing a timely sample of his blood after communicating to the police his desire for such a test. The failure to obtain the sample, he argues, directly impaired his ability to prepare a defense, as his due process right to a fair trial requires. The City of Blaine agrees that a defendant must be afforded a reasonable opportunity by the police to obtain additional tests. The crux of the dispute is whether the police in the present case did in fact provide petitioner a reasonable opportunity under all the circumstances.

In interpreting a statute identical to RCW 46.61.506, the Arizona Court of Appeals has held:

[W]hile the state is not required to provide the accused with a free blood test, or to release him from custody without bail, it may not unreasonably interfere with an

accused's reasonable attempts to secure, at his own expense, a blood or other scientific test for the purpose of attempting to establish evidence of his sobriety at or near the crucial time under consideration.

*Smith v. Cada,* 114 Ariz. 510, 514, 562 P.2d 390 (1977). In *Cada,* the police refused to grant defendant's request to call his attorney or to be released on bail in order to procure an independent blood test. The court held that the police had unreasonably interfered with Cada's right to obtain evidence for his defense, thus denying him his due process right to a fair trial.

In *People v. Burton,* 13 Mich. App. 203, 163 N.W.2d 823 (1968), the defendant was taken to police headquarters, where he asked the interviewing officer to call his doctor to arrange a blood alcohol test. While defendant was taken to the detention facility, the officer phoned and left a message for the doctor, who did not call back. The defendant was never told that the doctor had not returned the officer's call, and he remained in detention until sometime after a timely blood sample could have been drawn. *Burton,* at 205. The Michigan Court of Appeals decided that defendant had acted to protect his right to a blood test; awaiting word on his request while in the lockup, he "could hardly be expected to further demand his statutory rights." *Burton,* at 206. Thus, the court held that the failure to timely inform defendant that his physician had not been contacted deprived him of a reasonable opportunity to gather competent evidence. *Burton,* at 207.

In *In re Newbern,* 175 Cal. App. 2d 862, 1 Cal. Rptr. 80 (1959), the defendant asked to call a doctor of his own choice and at his own expense in an effort to obtain evidence to vindicate him of a charge of drunkenness. The police refused. The California Supreme Court held that it is a denial of due process to refuse the request of a person charged with drunkenness to make a phone call to arrange for a blood test at his own expense.

The City of Blaine contends that petitioner (1) understood his rights, (2) knew that he was entitled to obtain an

additional test, and (3) knew that an appropriate test was available only at the Bellingham hospital, yet requested the sheriff's deputy only to take him to a doctor or to arrange a blood test at the county jail. Since the authorities had no duty to affirmatively assist petitioner's attempt to gather evidence, the city insists that under the circumstances petitioner was afforded a reasonable opportunity.

The cases cited above demonstrate that the question of whether an accused was afforded a "reasonable opportunity" to gather evidence in his own defense depends heavily on the particular circumstances. In *Cada, Burton,* and *Newbern,* the defendants had done everything possible under the circumstances to obtain additional tests, only to have their reasonable efforts frustrated. In such circumstances, the courts held that the due process right to be given reasonable opportunity to procure evidence had been violated. *See also In re Martin,* 58 Cal. 2d 509, 374 P.2d 801, 24 Cal. Rptr. 833 (1962).

In the present case, petitioner, a native of Switzerland, testified that he sometimes had difficulty understanding English or being understood. It is undisputed that he communicated his wish for additional testing to the Blaine authorities, and they assured him he would be transported to the only appropriate testing facility, the Bellingham hospital. When he reiterated his request on the way to Bellingham, the officer told him he was going to jail and no testing was available there. Accordingly, he made no further request because of a belief that it would be unavailing. Since petitioner was in custody, he had no realistic opportunity to be tested except by stating his wish to the authorities.[2]

In our opinion, petitioner did everything a reasonable person could do under the circumstances to implement his

---

[2]The record reveals that petitioner asked the sheriff's deputy to take him to a *doctor* for a blood test. The only additional action he could have taken would have been to insist that he be driven to the *hospital.* But it seems unlikely to us that the statute requires knowledge of the location where a blood test is available, so long as the accused clearly communicates his desire for such an additional test.

right to an additional test. While the law enforcement authorities have no duty to volunteer to arrange for testing, they must not thwart an accused's attempts to make such arrangements. Under the circumstances of this case, we hold the police did unreasonably interfere with petitioner's effort to procure probative evidence. Since this error cannot be remedied by a new trial, the judgment of the Court of Appeals must be reversed and the case dismissed.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.