[No. 5094-7-III. Division Three. December 6, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL K. REED, *Petitioner.*

*Roger K. Garrison,* for petitioner.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *John Staffan, Deputy,* for respondent.

[As amended by order of the Court of Appeals January 18, 1984.]

McINTURFF, J.—Michael Reed challenges a Superior Court order that reversed the District Court's dismissal of the charge of driving while intoxicated. We affirm.

On October 31, 1981, Mr. Reed was stopped at approximately 1:40 a.m. and arrested for driving while intoxicated (DWI). There was probable cause for the stop and the arrest. He was transported to the Grandview police station and advised of his rights under RCW 46.20.308(1), which included his right to have additional tests made by a qualified person of his choosing. A Breathalyzer test was administered and Mr. Reed was issued a citation for DWI.

Mr. Reed had been previously charged, tried, and acquitted on a similar charge and was well aware of his rights to have further tests conducted. He informed the state trooper he wished to exercise that right and made two requests to be transported to either the Prosser Hospital or the Sunnyside Hospital, both approximately 7 miles from the station. The police refused these requests.

Mr. Reed was allowed free and unrestricted telephone access and made several calls. A Grandview police officer, acting on his own volition, called a licensed physician's assistant who agreed to obtain the necessary "kit" and to go to the jail to draw the blood sample. Mr. Reed declined this offer and again expressed his desire to be taken to the hospital.

The District Court suppressed the Breathalyzer test and dismissed the case. The Superior Court reversed this dis-

missal and found Mr. Reed had been given a reasonable opportunity to obtain additional blood tests, that the police had not unreasonably interfered with his attempts to obtain those tests, and that the police did not have a duty to provide Mr. Reed with transportation to a facility or person of his choosing. This court granted discretionary review.

The issue presented is whether the police have an affirmative duty to transport a person arrested for DWI to a hospital to obtain additional blood tests. This issue has not been squarely addressed by the Washington courts. However, *Blaine v. Suess*, 93 Wn.2d 722, 612 P.2d 789 (1980) provides guidance. In that case, the defendant was arrested and advised of all of his rights including the right to additional tests. He requested additional tests and was told he would be transported to a local hospital. He was instead taken to jail. No additional tests were conducted. After examining cases from other jurisdictions, the court stated at page 727: "the question of whether an accused was afforded a 'reasonable opportunity' to gather evidence in his own defense depends heavily on the particular circumstances." The court went on to say at page 728: "While the law enforcement authorities have no duty to volunteer to arrange for testing, they must not thwart an accused's attempts to make such arrangements." The court held that the police had unreasonably interfered with the defendant's efforts to obtain the additional tests and reversed his conviction.

Thus, the police have an affirmative duty to inform a defendant of his right to have additional tests taken, they must afford that defendant a reasonable opportunity to do so, and may not frustrate a defendant's attempts to make arrangements for additional tests. *Blaine v. Suess, supra.*[1]

---

[1]Mr. Reed relies on *State v. Hraha*, 193 N.W.2d 484 (Iowa 1972); *State v. Stover*, 271 Or. 132, 531 P.2d 258 (1975); and *Bounds v. State*, 535 S.W.2d 160 (Tenn. Crim. App. 1975). We have read these cases and find them distinguishable and not applicable to the present case. We recognize that *Puett v. State*, 147 Ga. App. 300, 248 S.E.2d 560 (1978) does stand for the proposition advanced to this

Mr. Reed was properly advised of his rights. He was given unrestricted access to the telephone. The police even made arrangements to have a technician come to the jail for the purpose of drawing blood for testing. Under these facts, we agree the police did not unreasonably thwart Mr. Reed's attempts to obtain additional testing by refusing to transport him to the hospital. Our holding is not to be construed as a per se rule that the refusal to transport a defendant to the hospital for a blood test, under all circumstances, is reasonable.[2] However, on the facts presented here, the police acted reasonably.

The judgment of the Superior Court is affirmed. The matter is remanded to the district court for proceedings consistent with this opinion.

MUNSON, C.J., and GREEN, J., concur.

Review denied by Supreme Court February 3, 1984.

---

court by Mr. Reed. However, we decline to adopt the per se analysis of the Georgia court.

[2]The Legislature recognized there would be cases in which the defendant would fail or be unable to obtain additional tests. RCW 46.61.506(5) provides in part:

> The failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.

These cases may arise, as the present case did, despite reasonable police conduct which does not frustrate an accused's attempts to obtain the additional tests.