[No. 12232-1-I.   Division One.   April 16, 1984.]

THE CITY OF SEATTLE, *Petitioner,* v. MARTIN BOULANGER, *Respondent.*

*Douglas N. Jewett, City Attorney,* and *Marilyn F. Sherron, Assistant,* for petitioner.

*Matson & Scott* and *Chris L. Matson,* for respondent.

CORBETT, J.—The City of Seattle appeals the Superior Court order that reversed the defendant's conviction for driving while under the influence of intoxicants and remanded the case to the Seattle Municipal Court for a new trial. We granted discretionary review. We affirm the ruling of the Superior Court and remand the case to the Seattle Municipal Court for a new trial.

Defendant was charged with driving while under the influence of intoxicating liquor in violation of Seattle Municipal Code 11.56.020(1)(b). Prior to trial, the defendant moved in limine to prohibit the City

> from offering into evidence, or from making any other reference in opening statement or otherwise relative to said Defendant's refusal to submit to a chemical test of his breath, and, of any colloquy allegedly occurring between the Defendant and any City's witness relative to said refusal.

The Municipal Court ruled that the City could not offer evidence of the defendant's refusal, *State v. Parker,* 16 Wn.

App. 632, 636, 558 P.2d 1361 (1976), but could ask the arresting officer during his testimony before the jury whether the defendant was afforded an opportunity to submit to a Breathalyzer test. The City contends that the purpose of the testimony was to negate a possible inference by the jury that the defendant was not given an opportunity to prove his sobriety.

Evidence is relevant if it tends to make the existence of a material fact more or less probable. ER 401. *State v. Renfro,* 96 Wn.2d 902, 906, 639 P.2d 737, *cert. denied,* 459 U.S. 842 (1982). To be material, the fact must be of consequence to the determination of the action. 5 K. Tegland, Wash. Prac., *Evidence* § 83, at 171 (2d ed. 1982). If the purpose or effect of the question in the instant case is to infer consciousness of guilt, the evidence is prohibited. *State v. Parker, supra* at 636.

The evidence is not relevant. The City has no affirmative duty to establish that the defendant was afforded an opportunity to prove his sobriety. *See People v. Reeder,* 370 Mich. 378, 121 N.W.2d 840, 842 (1963). Moreover, any arguable probative value is substantially outweighed by the danger of unfair prejudice to the defendant. ER 403. A defendant may have valid reasons for refusing a test, reasons which do not reflect consciousness of guilt; it is probable that the jury will ascribe undue weight to the refusal.[1] The City also contends that the error, if any, was harmless because the evidence of guilt was overwhelming, and the error was nonconstitutional. "[E]rror is not prejudicial unless, within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected." *State v. Cunningham,* 93 Wn.2d 823, 831, 613 P.2d 1139 (1980). The City has not provided this court with a written transcript of the trial, although requested by

---

[1] We note that RCW 46.20.308(1) and SMC 11.56.020(3) were recently amended to require the arresting officer to warn the suspect that refusal to take a blood alcohol test may be used against him in any subsequent criminal trial. *See also* RCW 46.61.517 and SMC 11.56.020(12), permitting admission of the evidence.

the court to do so. Without this record, it is impossible for this court to determine whether the error was harmless. *State v. Burri,* 87 Wn.2d 175, 182, 550 P.2d 507 (1976). We are also unable to determine whether a limiting instruction could have cured the error. Although the electronic transcription is used for review of the lower court proceedings by the superior court, RALJ 6.1(a), on appeal of the superior court decision to the Court of Appeals or Supreme Court, RAP 9.1(b) and 9.2(a) and (b) require a written transcript of the verbatim report. We will not use the electronic transcript for that purpose.

Affirmed and remanded to the Seattle Municipal Court for a new trial.

DURHAM, C.J., and SCHOLFIELD, J., concur.