[Nos. 7775–6–III; 7946–5–III.  Division Three.  November 10, 1987.]

THE CITY OF SPOKANE, *Respondent,* v. GERALD HOLMBERG, ET AL, *Petitioners.*

RUTH BOX, ET AL, *Petitioners,* v. GRANT COUNTY DISTRICT COURT, ET AL, *Respondents.*

318

*Brenda Snyder,* for petitioners Holmberg, et al.

*Michael Aiken* and *Hormel & Aiken,* for petitioners Box, et al.

*James C. Sloane, City Attorney,* and *Harry Gasnick, Assistant,* for respondent Spokane.

*Paul A. Klasen, Prosecuting Attorney,* and *Jerald Hamley, Deputy,* for respondents Grant County District Court, et al.

MUNSON, J.—These cases from Grant and Spokane Counties are consolidated for this appeal. Ruth Box, James Deane, Eugene Aipperspach, Gerald Holmberg and Willis Johns appeal the denial of their motions to suppress breath test results subsequent to their arrest for driving while intoxicated. Two issues are presented: (1) whether the test results are admissible at trial when the arresting officer has failed to fully warn the driver of his or her implied consent rights as required by RCW 46.20.308(2); and (2) whether apprising individuals, as required by RCW 46.20.308(2), that their licenses shall be revoked if they refuse to submit to a Breathalyzer test is unduly coercive, denying them an opportunity to make knowing and intelligent decisions in deciding whether to refuse. We reverse.

The following facts are undisputed. All of these defendants were arrested, in separate incidents, in late 1985 or early 1986 for driving while intoxicated. Upon arrest, each was asked to take a breath test after being advised in part of the provisions of RCW 46.20.308(2), namely that: (1) if they submitted to the test, they could have additional tests administered by persons of their choosing; and (2) they may refuse the test but if they refused, their driver's license would be revoked or denied. However, none of the defendants was warned, as mandated by former RCW 46.20-.308(2)(b), that "refusal to take the test may be used against [you] in a subsequent criminal trial." Each defendant submitted to the test; each registered a blood alcohol level in excess of .10.

Prior to trial in Grant County District Court, defendants Box, Deane, and Aipperspach brought consolidated motions

to have the test results suppressed on the basis the arresting officers failed to fully warn them of the consequences of refusing to submit to the test as required by RCW 46.20-.308. The District Court denied their motions. Box, Deane, and Aipperspach then moved for a writ of certiorari to the Superior Court; the writ was granted.

Subsequently, the Superior Court affirmed the District Court's decision to deny suppression of the results. Although acknowledging that refusal evidence could be used at a subsequent criminal trial under certain circumstances, *State v. Zwicker*, 105 Wn.2d 228, 713 P.2d 1101 (1986), the judge concluded that under these circumstances

> the failure to warn each defendant that the refusal to take the breathalyzer may be used against them in a subsequent criminal trial did not prejudice them because there is no conceivable harm to the defendant[s] in not being read that portion of RCW 46.20.308.

From that determination, Messrs. Deane and Aipperspach and Mrs. Box moved for discretionary review to this court. The motion was granted.

Likewise, defendants Holmberg and Johns brought motions requesting the test results be suppressed. They contended the officers' failure to inform them that the results could be used in a subsequent trial violated due process; they also maintained the officers' statements that refusal to submit to the test would lead to license revocation failed to accurately inform them of their rights because such a warning was misleading and unduly coercive. Their motions, heard before two district court judges, were denied; their appeals were consolidated in the superior court and the District Courts' refusals to suppress the Breathalyzer results were affirmed. The trial judge in his memorandum decision wrote:

> With respect to the failure of the arresting officers to warn the drivers of the consequence of refusal to take the breathalyzer test as provided in Section 308(2)(b), had these drivers refused the test it is clear that such failure to warn would have deprived the drivers of the opportunity to make an intelligent and knowing decision as to

the consequences of refusal to take the test. The result, under the law, would have been suppression of any evidence of the refusal. . . . It is difficult to conceive any harm to the drivers in these cases resulting from the failure to so warn under Section 308(2)(b) where they do in fact take the breathalizer [*sic*] test. They scarcely can logically argue that they had been misled or deceived as to the consequences of the action which they in fact did take. . . . Thus the failure to warn as provided in Section 308(2)(b) was of no consequence to these drivers who did in fact take the breathalyzer test.

The judge likewise ruled the warning with respect to license revocation was accurate and therefore valid. Messrs. Holmberg and Johns then moved for discretionary review; that motion was granted.[1] Relying primarily on *State v. Zwicker, supra,* all the defendants maintain that failure to give the full implied consent warning as required by RCW 46.20.308(2) deprived them of their statutory right to be fully and accurately informed of all possible consequences arising from their decisions to take, or not take, the test. Therefore, they allege the only permissible remedy is suppression of the test results.

---

[1]We note that at the time of all the defendants' arrests, the only published appellate decisions construing the implied consent warnings as they impacted the subsequent admission at trial of refusal evidence were *Seattle v. Boulanger,* 37 Wn. App. 357, 680 P.2d 67 (1984) and *State v. Parker,* 16 Wn. App. 632, 558 P.2d 1361 (1976), *review denied,* 88 Wn.2d 1012 (1977). Both decisions held that refusal evidence was not relevant to the issue of a defendant's guilt or innocence in a prosecution for driving while intoxicated and therefore was not admissible to prove that issue in a subsequent criminal trial.

Based on these decisions, the superior court judges in Grant County had apparently unanimously ruled that refusal evidence was *never* admissible in a subsequent criminal trial. Consequently, the Grant County prosecuting attorney's office advised Grant County law enforcement officers to delete any warning that refusal to take the test "may be used" in a subsequent criminal trial. The prosecutor's office believed, in light of the Grant County Superior Court rulings, that inclusion of such language was misleading and coercive because refusal evidence was never in fact admitted.

Similarly, in the Spokane cases, the City voluntarily stipulated that because Messrs. Holmberg and Johns had not been fully warned of the consequences of refusal, even in situations where there was a refusal to submit, "the City in fact waive[d] its right to use such refusal as evidence in [a] subsequent criminal trial."

Washington's implied consent statute, former RCW 46.20.308(2), states in pertinent part:

> The officer *shall* inform the person of his or her right to refuse the test, and of his or her right to have additional tests administered by any qualified person of his or her choosing as provided in RCW 46.61.506. The officer *shall* warn the driver that (a) his or her privilege to drive will be revoked or denied if he or she refuses to submit to the test, and (b) *that his or her refusal to take the test may be used against him or her in a subsequent criminal trial.*

(Italics ours.)

■■ The use of the word "shall" in a statute generally and presumptively operates to create a duty rather than confer discretion. *State v. Bartholomew,* 104 Wn.2d 844, 710 P.2d 196 (1985). Unless there is legislative intent to the contrary, the word should be given its usual and ordinary meaning. *State ex rel. Nugent v. Lewis,* 93 Wn.2d 80, 605 P.2d 1265 (1980). While "shall" may be directory or mandatory depending on legislative intent, *see Nugent,* at 82, both the language and purpose of RCW 46.20.308 appear to be mandatory and we so hold it to be. Therefore, there is a mandatory affirmative duty placed upon police officers to inform drivers of the consequences of refusing to consent, and one of those consequences is that refusal may be used against him or her in a subsequent criminal action.

At the time each of these defendants submitted to the breath test, the prosecuting officers in both Grant and Spokane Counties were not offering refusal evidence in DWI trials. (See footnote 1.) Only after *Zwicker*[2] did it become clear that refusal evidence could in fact be used, not to prove guilt or innocence, but rather in situations

> where the defendant opens the controversy by contending there was a lack of credibility or competence on the part of the police (failure to adhere to normal procedures). The refusal is relevant under circumstances where

---

[2]The *Zwicker* decision was announced in February 1986, approximately a month after the last arrest in question here.

it can qualify or disprove contentions raised by the defendant. *See State v. Demos,* 94 Wn.2d 733, 619 P.2d 968 (1980).

*Zwicker,* at 238. We understand both jurisdictions now comply with the statutory language and give the warning. That is the correct procedure.

While one of the purposes of the implied consent statute is to provide an efficient means of gathering reliable evidence of intoxication, *Blaine v. Suess,* 22 Wn. App. 809, 592 P.2d 662 (1979), *rev'd on other grounds,* 93 Wn.2d 722, 612 P.2d 789 (1980), another purpose is to allow the operator of a motor vehicle to exercise intelligent judgment regarding the effect of such refusal. *See generally State v. Whitman Cy. Dist. Court,* 105 Wn.2d 278, 714 P.2d 1183 (1986); *Welch v. Department of Motor Vehicles,* 13 Wn. App. 591, 536 P.2d 172 (1975).

The defendants maintain *Whitman Cy. Dist. Court* and *Welch* mandate that any derogation from the statutory warnings requires suppression of the test results. We agree. In *Whitman Cy. Dist. Court* the officers advised the defendants that refusal evidence "shall" be used in subsequent criminal trials. In fact, such evidence could only be used under certain circumstances. The court held such an inaccurate warning was unduly coercive and failed to permit the defendants the opportunity to weigh the consequences of their refusal. Likewise, in *Welch* the officers advised the defendant that he "could" lose his license upon refusal to submit to the exam when in fact loss of license was mandatory and automatic. *Welch* held the warning as given did not communicate the mandatory nature of revocation to the defendant and thus deprived him of the opportunity to exercise an intelligent judgment with respect to whether to take the test.

Like the defendants in *Whitman Cy. Dist. Court* and *Welch,* the defendants were not accurately apprised of the consequences of their refusal to take the tests even though the city and county prosecutors had a policy not to offer the test results in a subsequent criminal action. The City

and County both argued that suppression of these results would penalize society simply because the officers derogated from the statute's mandate and since the defendants were not prejudiced by this derogation. We disagree. Society is penalized when officers derogate from the mandates of the Legislature. The test result is but one piece of evidence that can be used to establish that an operator was driving while intoxicated. The prosecutor is still able to admit other evidence to show that the driver was intoxicated. While we are inclined to agree with the trial judge who ruled on the basis of "no harm, no foul," we believe strict compliance is the better rule. Consequently, we reverse.

Messrs. Holmberg and Johns additionally argue the warning that refusal to take the test "shall" result in license revocation, as mandated by RCW 46.20.308(2)(a), is unduly coercive and misleading. They maintain revocation of a license is not automatic because the individual who refuses must be accorded notice and an administrative hearing. They assert the warning used here implies license revocation is automatic and nonappealable and therefore misleading.

Contrary to the defendants' contention, the Department of Licensing orders an individual's license revoked immediately after being informed he or she has refused to submit to a Breathalyzer. *See* RCW 46.20.308(7); WAC 308-104-060. Although an individual is accorded notice of that order and may administratively appeal the order of revocation, revocation is automatic upon refusal to submit to a test. Because the warning given here accurately apprises individuals who refuse that their licenses will be revoked, the warning was sufficient and accurate. *Cf. Welch v. Department of Motor Vehicles, supra.*

The orders are reversed and remanded for new trials.

McINTURFF, C.J., and THOMPSON, J., concur.

Review denied by Supreme Court March 1, 1988.