Greg A. Bengston Salina City Attorney 129 S. 8th P.O. Box 380 Salina, Kansas 67402-0380
Dear Mr. Bengston:
As city attorney you request our opinion concerning K.S.A. 8-1004 which allows a person a "reasonable opportunity" to have an additional test to detect the presence of alcohol or drugs. You inquire whether the Salina police department must provide transportation to the requested testing site and, if there is such a duty, whether the site can be restricted to the city of Salina.
K.S.A. 8-1004 provides as follows:
 "Without limiting or affecting the provisions of K.S.A. 8-1001 . . ., the person tested shall have a reasonable opportunity to have an additional test by a physician of the person's own choosing. In case the officer refuses to permit such additional testing, the testing administered pursuant to K.S.A. 8-1001 . . . shall not be competent in evidence."
In general the right of a reasonable opportunity to have additional testing when arrested for driving under the influence of alcohol or drugs is secured by K.S.A. 8-1004. If the suspect is not given this opportunity, the state's test is not competent in evidence. State v.George, 12 Kan. App. 2d 649, 652 (1988). In George, the police refused to transport the defendant to a hospital for an independent test and the court noted that there was nothing in the record which indicated that the police officer was unable to comply with the request. The arresting officer was still on duty working on the case, George had not been issued jail clothing and had been fully processed at the time of the request. The court found that by not granting George's request for additional testing, the police officer had impaired George's ability to procure evidence and prepare his defense.
 "While the state is not required to provide a DUI suspect with a free additional test it may not unreasonably interfere with a suspect's reasonable attempts to secure additional testing at his own expense by a physician of his own choosing for the purpose of attempting to secure evidence for his defense at or near the crucial time under consideration. George at p. 655.
The court concluded that concomitant with the defendant's statutory right to additional testing is a corresponding duty on the part of law enforcement officers not to deny the right. George at p. 653. The court examined the parameters of what a "reasonable opportunity" is and concluded that it depends upon the circumstances of each case.
 "What is a reasonable opportunity will depend on the circumstances in each case. When a DUI suspect is detained under arrest the opportunity afforded him must be consistent with safe custody. What may be a reasonable opportunity in one locality may not necessarily be reasonable in another." George at p. 654.
Some jurisdictions hold that while the police cannot prevent a person from attempting to obtain independent testing, there is no duty to assist the person and no requirement that the police transport the person to a testing site. Commonwealth v. Rosewarne, 571 N.E.2d 354, 356 (Mass. 1991), Ward v. State, 733 P.2d 625 (Ak. Ct.App. 1987), State v. Roberge,306 A.2d 13 (Me. 1973), State v. Hatlestad, 347 N.W.2d 843 (Minn. Ct.App. 1984), State v. Snipes, 478 S.W.2d 299 (Mo. en banc 1972), Annot., 45 A.L.R. 4th 11 (1983). However, there are other jurisdictions where simply giving a person access to a telephone may not always, in all circumstances, satisfy the requirement of reasonableness and the police have a duty to further accommodate a person's reasonable request for an independent test by a physician of his or her own choosing. State v.Dressler, 433 N.W.2d 549 (N.D. Ct.App. 1988), State v. Messner,481 N.W.2d 236 (N.D. 1992), Commonwealth v. Alano, 448 N.E.2d 1122
(Mass. 1983). These latter jurisdictions take a "totality of circumstances" approach and judge each case on its facts which we believe is the approach Kansas appellate courts would take based upon the reasoning in George. In Bilbrey v. State, 531 So.2d 27 (Ala.Ct.App. 1987) a police officer refused the defendant's request to transport him to a hospital for an additional test. The police officer simply made a telephone available so that the defendant could arrange for a blood test to be administered at the jail. The court concluded that the defendant was allowed a reasonable opportunity to arrange for an independent test, however, it refused to make a per se rule whether the refusal to transport is always reasonable. Three years later, the same court, inLockard v. Town of Killen, 565 So.2d 679 (Ala.Ct.App. 1990), (citingBilbrey), concluded that the defendant was entitled to police transportation to a testing site after the defendant had called and made telephone arrangements. The court found that the police officer had frustrated the defendant's statutory right to obtain independent testing. In Harper v. State, 296 S.E.2d 782 (Ga. 1982), the court found under the facts of the case that there was a duty on the part of the police to transport the person where the latter had made arrangements with a qualified health care provider that the test would be made if he was transported to the hospital. In State v. Reed, 672 P.2d 1277 (Wash.App. 1993) the officer made arrangements for a physician assistant to come to the jail and draw blood, however the person refused and insisted that he be transported to a hospital seven miles from the station. The court concluded that under the facts the police did not unreasonably thwart the defendant's attempt to obtain additional testing by refusing to transport him to the hospital but the court indicated that the holding was not to be construed as a per se rule that refusing to transport under all circumstances is reasonable.
From a practicable standpoint, if a suspect is in custody and the police refuse to transport him or her to an alternative testing site, the only other option is for the person to contact a health care professional and request that someone come to the jail to take a fluid sample. In some cities, this latter option may not be feasible because of a dearth of health care providers willing to do so. In that circumstance, it may be unreasonable to deny transportation to the defendant.
You indicate that the city of Salina has two medical centers and numerous clinics and that the local medical community includes a number of health care professionals capable of drawing fluid samples from a person at police department headquarters. However, whether a person has a "reasonable opportunity" under the statute is going to depend upon the facts of each case. It may be entirely reasonable to deny a person transportation to an alternative testing site when police officers or vehicles are scarce and a health care professional is willing to come to the jail. On the other hand, it may be unreasonable to deny a person transportation to his or her personal physician when the person has made such arrangements, the location is within the city limits, and there is a police officer and vehicle available.
In short, it is our opinion that there is no per se rule that requires police to transport a person to a testing site because whether the person was afforded a reasonable opportunity to obtain an independent test will depend upon the circumstances. In response to your second query whether the police have an obligation to transport a person outside the city limits, once again, it depends upon the circumstances but, in general, it is our opinion that the police are not obligated to transport a person outside the city in the absence of a showing that the testing facilities in the city are inadequate. Weatherford v. State, 692 S.W.2d 605 (Ark. 1985).
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm