410 So.2d 133 (1981)
Larry Keith HOLLINGSWORTH
v.
STATE of Alabama.
1 Div. 229.
Court of Criminal Appeals of Alabama.
May 26, 1981.
Rehearing Denied June 23, 1981.
George K. Elbrecht, Monroeville, for appellant.
Charles A. Graddick, Atty. Gen., and Sandra M. Solowiej, Asst. Atty. Gen., for appellee.
TYSON, Judge.
Larry Keith Hollingsworth appeals from the revocation of his probation by the circuit court following a hearing pursuant to the provisions of § 15-19-1 et seq., Code of Alabama 1975.
Without dispute, the appellant had been convicted at the Spring, 1979 term of the Circuit Court of Monroe County of burglary in the second degree and had been granted youthful offender status by the circuit court and sentenced to eighteen months in custody of the Director of the Department of Corrections. The execution of this sentence was suspended and the appellant, Hollingsworth, placed on probation for a period of eighteen months by the circuit court.
Thereafter Hollingsworth was charged with the offense of Driving While Intoxicated, appeared in the District Court of Monroe County, Alabama, without counsel, or being offered the assistance of counsel, and entered a plea of guilty to this charge. *134 This occurred on October 14, 1980, and Hollingsworth thereafter reported this to his probation officer, Hollingsworth then being in the seventeenth month of his eighteen month probationary period.
Thereafter, the probation officer reported this conviction to the circuit court and a revocation hearing was set in circuit court for November 5, 1980.
At the revocation hearing, the state placed in evidence through the circuit clerk, a certified copy of the proceedings in district court, showing the Driving While Intoxicated conviction and on this basis, circuit court was asked to revoke and did revoke the probationary status of the appellant, Larry Keith Hollingsworth.

I
The issue thus presented by this appeal is whether or not the circuit court may revoke probation following a hearing, on the basis of a misdemeanor conviction obtained in district court, without first affirmatively establishing that the accused was represented by counsel or intelligently waived counsel at the time of such prior conviction in the district court.
The Supreme Court of Alabama has set forth the guidelines to be used at a probation revocation hearing in its opinion in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975) and authorities therein cited. See also Bullock v. State, Ala.Cr.App., 392 So.2d 848, cert. denied, Ala., 392 So.2d 852 (1980).
In the case at bar, it affirmatively appears that the appellant, Hollingsworth, entered his plea of guilty without being offered counsel or waiving counsel, or being represented by counsel at the time of such guilty plea.
We are of the opinion that the opinions of the U. S. Supreme Court in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) and Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), are here controlling.
It therefore follows that the circuit court was in error in revoking probation without affirmatively establishing that the accused either had counsel or intelligently waived counsel at the time of entering a plea of guilty in the Monroe County District Court to the Driving While Intoxicated charge. See also Highsmith v. State, 55 Ala.App. 272, 314 So.2d 874 (1975) and authorities therein cited.
For the reasons shown, the judgment of the circuit court is hereby reversed and this cause is remanded.
REVERSED AND REMANDED.
All the Judges concur, except DeCARLO, J., who dissents.
DeCARLO, Judge, dissents.
In my opinion, neither Burgett v. Texas, supra, nor Baldasar v. Illinois, supra, is controlling here. Burgett held that a prior uncounselled felony conviction may not be used either to support guilt of another offense or to enhance punishment for a subsequent conviction under a recidivist statute. Baldasar applied the same rule to uncounselled misdemeanors.
The introduction of appellant's DWI conviction neither supported his guilt of second degree burglary nor enhanced his punishment for that offense. See Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). It merely resulted in appellant's having to serve an already-imposed sentence; therefore, I must respectfully dissent.