**STATE of Tennessee, Appellee,**

v.

**Edgar C. SPEARS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 7, 1984.

Doyle E. Richardson, Tullahoma, John W. Rollings, Manchester, for appellant.

William M. Leech, Jr., Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, J.W. Luna, Asst. Dist. Atty., Manchester, for appellee.

## OPINION

TATUM, Judge.

The defendant, Edgar C. Spears, was convicted of possessing less than one-half ounce of marijuana for which punishment was fixed at 6 months incarceration in the Coffee County Workhouse, plus a fine of $500. The only issues properly preserved for review concern the judgment of the trial court in denying a suspended sentence. The judgment is affirmed.

The defendant filed no motion for a new trial. He filed a motion for a suspended sentence which was denied after an evidentiary hearing. The defendant was granted leave to reapply for a suspended sentence after he had served 60 days of the six-month sentence.

The defendant was born and raised in Coffee County. At the time of the sentencing hearing, he was 23 years of age, single, and had graduated from high school. He lived with his parents and worked on the family farm.

He testified that since he was arrested, he had changed his associates, quit drinking, and quit smoking marijuana. His uncle and his father testified that he was a hard worker and was talented in the spreading of fertilizer. He came from a "good family," is a "good boy," courteous, and is respected by his neighbors.

The defendant was previously convicted in 1980 of driving while under the influence of an intoxicant. There was evidence of much aggravation of this offense in that the defendant attempted to outrun the arresting officers and there was evidence, denied by the defendant, that he attempted

to hit the arresting officers with his vehicle. For this offense, he was sentenced to a jail term of 11 months and 29 days, all of which was suspended, except for 28 days. It was approximately 2 years later when the defendant was arrested in this case for possessing marijuana. After his conviction in this case and while his application for a suspended sentence was pending, he was arrested and convicted of the fraudulent use of a driver's license.

■ The trial judge assigned several grounds for denying probation; among the grounds assigned was the aforesaid criminal record of the defendant. This is a factor upon which probation may validly be denied. *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974). The trial judge also found that the defendant had failed to bear his burden of showing that the public would benefit by the sentence being probated, that the defendant was untruthful with respect to naming the person from whom he had bought the marijuana, and that probation should be denied for the purposes of deterrence.

■ Previous to this offense, the defendant was granted the largesse of probation in the driving while intoxicated case. Obviously, this probated sentence did not rehabilitate the defendant as he committed the instant offense 2 years later. After conviction of this offense, and during the pendency of his petition for probation alleging that he had been rehabilitated, he committed the third offense of fraudulently using a driver's license. Aside from the other factors mentioned by the trial judge, the defendant's criminal record alone justifies the denial of probation. For this reason, we pretermit discussing the other factors mentioned by the trial judge. *Powers v. State*, 577 S.W.2d 684 (Tenn.Cr.App.1978). We do not agree that the trial judge abused his discretion. See T.C.A. § 40–21–104.

■ The defendant contends that the trial judge erred in denying probation without the preparation of a presentence report. A presentence report is not required except when the trial judge elects to grant probation. *State v. Welch*, 565 S.W.2d 492 (Tenn.1978).

■ The defendant also complains that the trial court erred in granting him leave to reapply for a suspended sentence after the service of 60 days. The defendant insists that he has the right to reapply for a suspended sentence after serving 30 days, pursuant to T.C.A. § 40–21–103. This section provides that "the trial judge *may* at any time after the defendant has actually served *not less* than thirty (30) days of such jail or workhouse sentence, suspend the remainder thereof...." This section grants discretion with the trial judge to reconsider the initial denial of probation and to suspend the remainder of an unserved sentence, at any time after the defendant has served 30 days. There is no requirement that the trial judge reconsider his initial decision at any time. We hold that T.C.A. § 40–21–103 empowers the trial court to require the defendant serve 60 days prior to the reconsideration of his petition for a suspended sentence.

■ In Issue 6, the defendant complains that the trial court erred in failing to suppress evidence of marijuana found in his automobile. Issue 7 is, "Whether or not there were irregularities in the prosecution."

Rule 3(e), T.R.A.P., provides in part: "... Provided, however, that in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived...."

No motion for a new trial was filed. Therefore, these issues must be treated as waived.

These issues cannot be considered for yet another reason. The defendant, in his

brief, refers us to the trial record for the evidence and legal authorities. Rule 27(a)(6) and (7) provides:

"(a) Brief of the Appellant.—The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be proceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; . . ."

The relevant facts are not stated in the brief nor are authorities cited. We find the same situation with respect to the issue alleging excessive punishment. This latter issue is presented but not supported by argument or statement of either law or fact in the brief.

It results that the judgment of the trial court is affirmed.

DWYER and BYERS, JJ., concur.