John Earl Lacey was tried for and found guilty of driving under the influence of alcohol in the Municipal Court of Winfield, Alabama. The appellant appealed his case to the Marion Circuit Court. He represented himself during the trial and was again adjudged guilty. The trial judge fined him $100.00 plus court costs.
 I
The sole issue the appellant raises on appeal is that his case should be reversed because the record fails to indicate he understandingly and intelligently waived his right to counsel at trial. While it is true that an understanding and intelligent waiver of an accused's right to counsel cannot be presumed from a silent record, such is not applicable in this cause. Lake v. City of Birmingham, 390 So.2d 36 (Ala.Cr.App. 1980), and authorities therein cited. An accused does not have a right to counsel unless he actually receives a term of imprisonment in misdemeanor cases. Lake, supra; Scott v.Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979);Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006,32 L.Ed.2d 530 (1972). In the case at bar, the appellant only received a fine. Thus, the appellant had no right to counsel. Therefore, it was not necessary that a waiver of this right appear in this record.
This case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.