Charles Wren Gullatt appeals from a second conviction of DUI (driving under influence) in circuit court, contrary to the provisions of § 32-5A-191, Code of Alabama 1975 as amended. The trial court sentenced the appellant to two days in jail, fined him $500 plus court costs and directed that his license be suspended for one year.
A stipulation was entered between the parties for inclusion in the record and the same is herein set forth: (R. 15-16).
 "STATEMENT OF PROCEEDINGS. Come now the parties, by and through their respective counsel of record, and in accordance with Rule 10 (d) of the Alabama Rules of Appellate Procedure, offer unto the Court for settlement, approval and inclusion in its Record on Appeal the following agreed-upon statement of proceedings of which no report or record were heretofore made: (1) This cause came to be heard the week of April 30, 1984, in the Circuit Court of Jefferson County, Alabama, Criminal Division, before the Honorable Wayne Thorn, Judge. (2) Plaintiff, City of Hoover, presented unto the Court its duly served Complaint charging Defendant, Charles Wren Gullatt, with Driving Under the Influence. (3) Defendant plead not guilty as charged. (4) Plaintiff, by verified statement, showed unto the Court that the law or ordinance under which Defendant was charged was in full force and effect as of the time of the alleged commission of the offense complained of. (5) Plaintiff offered, in stipulation form as agreed upon by the parties, the testimony of the arresting police officer, Tom French, which, in substance, established a prima facie case of Driving Under the Influence against the Defendant. (6) The Court found Defendant guilty of Driving Under the Influence, as charged. *Page 1007 
(7) Thereupon, Plaintiff offered, over Defendant's objection, a certified copy of the Trial Docket as evidence of Defendant's prior convictions on the charge of Driving While Intoxicated as adjudged on September 5, 1979, in the Municipal Court of the City of Birmingham, Alabama, a copy of said Trial Docket is attached hereto. Such offering by Plaintiff was in support of its request that the Court find Defendant to be a second-offender under the current DUI Statute and, consequently, that Defendant should receive the enhanced punishment as contemplated for such second-offenders. Defendant's objection to the Court's consideration of such prior conviction was on the grounds that Defendant was not represented by counsel nor did he knowingly and intelligently waive his right to counsel for the purposes of the September 5, 1979 conviction; therefore, Defendant contended that it was constitutionally impermissible to utilize said prior conviction for the purpose of imposing upon Defendant the enhanced punishment aforementioned. (8) Defendant's objection notwithstanding, Defendant was adjudged a second-offender under the current DUI Statute and, accordingly, the Court imposed upon Defendant a fine of Five Hundred and No/100 ($500.00) Dollars, plus costs; ordered Defendant's Driver's License revoked for a period of one (1) year; and sentenced Defendant to two (2) days in jail. The Court specifically took notice of the Defendant's aforesaid prior conviction of Driving While Intoxicated and, but for presence of same, would have imposed upon Defendant a fine of Two Hundred Fifty and No/100 ($250.00) Dollars, plus costs; ordered Defendant's Driver's License suspended for a period of ninety (90) days, and would have, in lieu of a jail sentence, required that Defendant complete an approved DUI Court Referral Program. (9) Defendant gave notice of appeal in open Court."
 I
Appellant asserts that the prior conviction had in Municipal Court on September 5, 1979, may not be constitutionally used to enhance punishment in this cause because the appellant was not represented by counsel nor did he knowingly and intelligently waive his right to counsel in that case.
In Highsmith v. State, 55 Ala. App. 272, 314 So.2d 874 (1975), this court followed the opinion of the United States Supreme Court in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258,19 L.Ed.2d 319 (1967), which requires, that in using a prior conviction to enhance punishment, it must be established that the accused either waived counsel or was represented by counsel at the time of such prior offense. This requirement dealt with use of felony convictions to enhance punishment in subsequent proceedings.
However, such requirement has been extended to probation revocations involving a DWI conviction. Hollingsworth v. State,410 So.2d 133 (Ala.Crim.App. 1981), cert. quashed,410 So.2d 134 (Ala. 1982). Hollingsworth, supra, relies upon Burgett v.Texas, supra, and Baldasar v. Illinois, 446 U.S. 222,100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) and Highsmith v. State, supra.
The record in the case at bar is readily distinguishable fromBaldasar, supra, and Hollingsworth, supra.
The minute entry of the 1979 conviction which was stipulated into evidence [see McDaniel v. State, 397 So.2d 237
(Ala.Crim.App. 1981), cert. denied, 397 So.2d 239 (Ala. 1981) and Kemp v. State, 434 So.2d 298 (Ala.Crim.App. 1983)], clearly establishes that appellant was offered counsel and waived counsel. This waiver affirmatively appears in the handwritingon the bench notes by Judge Peter A. Hall. The record in the case at bar is therefore not a silent record with respect to this appellant's right to counsel at the 1979 conviction. Cf.Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70
(1962). Moreover, the appellant did not receive a term of imprisonment at the time of the 1979 conviction in question.Lacey v. State, 450 So.2d 472 (Ala.Crim.App. 1984).
Since the appellant's objection in the case at bar is to an "uncounseled prior conviction", *Page 1008 
this objection is not well taken. The record which was stipulated as being correct (see McDaniel, supra, and Kemp, supra) other than appellant's right to counsel, we must construe the record as showing a knowing and intelligent waiver of counsel in a constitutional sense.
This court has similarly held with respect to the use of prior convictions for enhancing punishment in Habitual Felony Offender proceedings that the proper forum for attacking the validity of such prior convictions would be by a separate petition for writ of error coram nobis filed in the court wherein the prior convictions took place. Jones v. State,431 So.2d 1367 (Ala.Crim.App. 1983). See also Ladd v. State,431 So.2d 579 (Ala.Crim.App. 1983).
Therefore, we hold that the trial court here properly considered the 1979 prior conviction of DUI as the record in the trial court clearly indicated a waiver of counsel at this conviction and such was proven through a certified minute entry which contained the trial judge's bench notes. McDaniel, supra and Kemp, supra.
Had the appellant desired to attack or raise the question of whether or not there was a knowing and intelligent waiver of counsel, he should have filed a petition for writ of error coram nobis in the Municipal Court and raised the issue there.
 II
Finally, the appellant asserts that the trial court sought to suspend appellant's driver's license for a period of time.
We have examined the record from the trial court and find this issue was not properly raised in the trial court and, therefore, is not properly before this court for review. See §32-5A-191, Code of Alabama 1975 as amended.
For the reasons hereinabove stated, this cause is due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.