McMILLAN, Judge.
From an order and judgment revoking the appellant’s probation, this appeal follows. On appeal, appellant raises the following two issues: (1) In revoking appellant’s probation, did the trial court improperly consider a conviction without first establishing that the appellant was represented by counsel as required by Hollingsworth v. State, 410 So.2d 133 (Ala.Cr.App.1981), writ quashed, 410 So.2d 134 (Ala.1982)? and (2) Did the trial court fail to enter a “written statement” as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975)? For the reasons outlined below, we are of the opinion that the trial court failed to enter a written statement as required by Armstrong, and for this reason, the cause is due to be remanded, with directions.
According to the record on appeal, appellant’s probation revocation hearing was scheduled September 2,1983, at which time appellant’s counsel objected to the State’s introduction of a certified copy of the docket entry sheet. After a discussion was had between counsel and the trial court, the hearing was continued. On January 6, 1984, the probation revocation hearing resumed, and, at that time, the State introduced evidence of the appellant’s violation of probation in the form of a certified copy of a judgment and conviction wherein the appellant was found guilty of the crime of burglary of an automobile in Cullman County, Alabama, and was sentenced to three year’s imprisonment. The State also introduced certified copies of the case action summary sheets, which included the handwritten notes of the trial judge, as well as the clerk of the trial court. From this additional information, it was affirmatively shown that the appellant was represented by court-appointed counsel at the trial below.
On behalf of the appellant, testimony was presented by the sisters and the mother of the appellant. Additionally, the appellant took the stand and testified that he had, in recent years, had a drinking problem. The appellant also testified that, as to the burglary conviction, that he was not. stealing the automobile but, on the contrary, was merely using the person’s car in order to “jump his car off.” When the police drove up, the appellant testified, he had taken the battery out of the car but did not intend to steal the battery. On the contrary, the appellant stated, he was only trying to get his own car started and then intended to put the battery back.
As the first grounds for appeal, the appellant argues that the trial court improperly revoked probation on the basis of a conviction, without first establishing that he was represented by counsel or intelligently waived counsel. Hollingsworth v. State, 410 So.2d 133 (Ala.Cr.App.1981), writ quashed, 410 So.2d 134 (Ala.1982). This grounds for appeal, however, is without merit, since the record affirmatively shows that appellant was represented by trial counsel. Under the authority of Gul- *508 latt v. City of Hoover, 459 So.2d 1006 (Ala.Cr.App.1984), this fact may be established by reference to the handwritten bench notes of the trial court judge showing waiver of counsel, and thus could properly be considered as grounds for revoking probation.
The appellant also contends that the trial court failed to enter a “written statement of evidence relied upon and reasons for revoking the probation.” Of course, a written statement which sets out the evidence relied on and reasons for revoking probation is required under the authority of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). In revoking probation, minimal due process requires that the trial judge make such a written statement. Taylor v. State, 405 So.2d 55, (Ala.Cr.Cpp.1981); Jones v. State, 456 So.2d 1149 (Ala.Cr.App.1984); Smith v. State, 445 So.2d 573 (Ala.Cr.App.1984); Sheffield v. State, 445 So.2d 989 (Ala.Cr.App.1984); Nance v. State, 453 So.2d 761 (Ala.Cr.App.1984); King v. State, 451 So.2d 367 (Ala.Cr.App.1984). Additionally, this court in Joiner v. State, 454 So.2d 1048, 1049 (Ala.Cr.App.1984), concluded that the Armstrong “written statement” requirement cannot be satisfied. by mere reference to the transcript itself.
The order which was entered in this case is in many respects similar to the order which was entered in the recent case of Cryar v. State, 477 So.2d 506 (Ala.Cr.App.1985). Under the authority of Cryar, supra, this case is remanded with directions that the trial judge “satisfy the deficiency of his written order of revocation.” (Citation omitted).
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
McMillan, judge.
The return to remand shows that the circuit court has fully complied with the instruction and with the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). The judgment of the circuit court revoking Jett’s probation is affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.