This is a driver's license revocation and restoration case.
After the petitioner Loyd's last driving under the influence of alcohol (DUI) conviction and after the revocation of his license for three years by the Director of the Department of Public Safety, he sought a writ of mandamus in the Circuit Court of Montgomery County whereby the Director would be ordered to reinstate Loyd's driver's license. The circuit court denied Loyd's motion for a summary judgment and found in favor of the Director. Loyd appeals.
The record discloses the following pertinent uncontested facts. Loyd had pleaded guilty to and was adjudged to be guilty of DUI in the following three instances: first, the Municipal Court of the City of Level Plains, Alabama, fined him $200 and the court costs on July 12, 1983; second, the Municipal Court of the City of Stevenson, Alabama, fined him $400 and costs of court on May 23, 1984; and third, on July 2, 1984, the District Court of Jackson County, Alabama, fined him $250 and court costs and ordered him to attend DUI school. Loyd was not represented by an attorney when he pleaded guilty to DUI and was convicted in the Level Plains and Stevenson cases. The arresting officer signed the combined uniform traffic ticket and complaint as to the Stevenson DUI charge, but it was never sworn to and acknowledged by a judge or magistrate.
The fact that the District Court of Jackson County imposed punishment in the third case as if it were Loyd's first such offense presents no impediment to the Director's nondiscretionary authority to revoke Loyd's license for three years if Loyd had actually been convicted of a total of three DUI offenses within a five-year period. Ala. Code (1975), §32-5A-191 (e).
Loyd, through able counsel, raises as another issue the fact that he was not represented by counsel when he pleaded guilty and was convicted of DUI in the Level Plains and Stevenson cases. The right of a defendant to counsel in misdemeanor cases is limited to instances where the defendant was actually sentenced to jail. Scott v. Illinois, 440 U.S. 367,99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). In an appeal from a DUI conviction where the defendant had only received a fine and was unrepresented by counsel, it was determined that the defendant had no right to counsel under Scott and that it was not necessary that a waiver of that right appear in the record of conviction. Lacey v. State, 450 So.2d 472 (Ala.Crim.App. 1984). Since Loyd was not imprisoned in either Level Plains or Stevenson, those two convictions were not void by reason of his being unrepresented by counsel, and they met constitutional muster as to that issue. To uphold Loyd's premise that prior uncounseled DUI convictions may not be considered by the Director in driver's license *Page 579 
revocation proceedings would produce a most undesirable result whereby those habitual DUI offenders who persist in frequently driving while under the influence of alcoholic beverages would always receive first offender treatment as long as they were never represented by an attorney.
Loyd's last argument is that his DUI conviction in the city of Stevenson on May 23, 1984, cannot be considered by the Director in revoking his driver's license because that conviction is void since it was founded upon an unverified uniform traffic ticket and complaint. In Ex parte Dison,469 So.2d 662 (Ala. 1984), it was decided that, where an arresting officer signs a uniform traffic ticket and complaint but it is not sworn to and acknowledged before a judge or magistrate prior to a trial of the offense, a judgment of conviction is void since it is based upon an unverified complaint. Loyd's conviction in the Stevenson case is void on that account.
The Director contends that such an issue was not raised or presented in the circuit court and, therefore, cannot be here considered. Loyd argues that his petition for mandamus in the circuit court raised the issue of the validity of Loyd's previous convictions and that it is not presented for the first time upon this appeal. As we regard the matter, it is immaterial as to whether the question was first raised in the circuit court or before us. The supreme court held in Dison
that such a judgment of conviction is void. A void judgment is one which, from its inception, is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind the parties or to support a right, of no legal force and effect whatever, and incapable of enforcement in any manner or to any degree. Black's Law Dictionary 1412 (5th ed. 1979). If a judgment is void on the face of the proceedings, its invalidity may be raised at any time by a party. The court of criminal appeals recently decided that an issue as to a DUI conviction's being void for lack of verification of the traffic ticket could be raised for the first time upon appeal. Cherry v. State, [Ms. July 2, 1985] (Ala.Crim.App. 1985). We have no alternative but to declare that Loyd's conviction of DUI on May 23, 1984, in the Municipal Court of the City of Stevenson, Alabama, was void and could not be considered by the Director as a DUI conviction.
We uphold the validity of Loyd's convictions for DUI in the Municipal Court of the City of Level Plains, Alabama, on July 12, 1983, and in the District Court of Jackson County, Alabama, on July 2, 1984, and we uphold a revocation of Loyd's driver's license for one year since he had those two DUI convictions within a five-year period. However, since his conviction in Stevenson was void and cannot be considered, Loyd's license revocation could not be revoked for three years. The Circuit Court of Montgomery County shall issue a writ of mandamus to the Director, returnable to that circuit court, ordering the director to amend the driver's license revocation of Jack Williams Loyd, Jr. from three years to only one year. When that one year period of revocation lawfully expires, or if it has already expired, appropriate administrative proceedings may be had for the restoration of his driver's license to Loyd when he otherwise fulfills all lawful requirements therefor.
Respected counsel for the Director urges that we adopt a procedure whereby applicants for relief from a driver's license sanction as a consequence of what the applicant contends to have been a void conviction should be required to petition the trial court which rendered the challenged conviction for an order holding the conviction to be void, which order would then be presented to the Director who would then have a documented judicial order upon which to base his action in either lifting or reducing a previously imposed driver's license sanction. Such a procedure is simple, orderly, reasonable, and would probably be convenient and consume less time in obtaining a proper resolution to the issue. While that procedure can be voluntarily followed by applicants and by the Director, *Page 580 
this court cannot usurp the authority of the legislature by adopting a mandatory rule to that effect.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH DIRECTIONS.
All the Judges concur.