531 So.2d 27 (1987)
Dennis James BILBREY
v.
STATE.
1 Div. 405.
Court of Criminal Appeals of Alabama.
March 10, 1987.
Rehearing Denied April 14, 1987.
Certiorari Denied June 26, 1987.
On Return to Remand August 23, 1988.
*28 Gary D. Porter, Mobile, for appellant.
Charles A. Graddick, Atty. Gen., and Beatrice E. Oliver, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 86-954.
PATTERSON, Judge.
Appellant, Dennis James Bilbrey, was arrested on July 22, 1986, for driving while under the influence of alcohol, in violation of § 32-5A-191, Code of Alabama 1975. On October 1, 1986, a jury found appellant guilty as charged and the trial court imposed a sentence of forty-eight hours in jail and a fine of $500.
On July 22, 1986, State Trooper Tim McGlothlin observed appellant's vehicle towing a large boat on a trailer which had improper taillights. McGlothlin attempted to effectuate a stop, which was unsuccessful. The officer followed appellant's vehicle for approximately three-fourths of a mile, during which time the vehicle driven by appellant left the roadway on three occasions and almost stopped. The officer's testimony established that appellant's driving was somewhat erratic; however, he acknowledged that the roads in that area were very curvy and in poor condition. McGlothlin followed appellant until appellant arrived at his residence and exited his vehicle. McGlothlin observed nothing unusual about appellant's walk or speech; however, he did observe "a strong odor of alcoholic beverage" about appellant's person and "his eyes were glassy, bloodshot like." When asked for his driver's license, appellant responded that he "didn't have any." Appellant was placed under arrest for driving with a suspended license and having improper lights on his boat trailer. Appellant was then transported to police headquarters for the administration of a photoelectric intoximeter test (P.E.I.). The results of this test indicated that appellant had a .11 percent blood alcohol content. Appellant was then charged with driving under the influence of alcohol.

I
Subsequent to the administration of the P.E.I. test, appellant informed McGlothlin that he did not trust the P.E.I. test results and requested that he be taken to a local hospital to obtain an independent test at his expense. McGlothlin testified that he refused to take appellant to the hospital because appellant was under arrest; however, he did make a telephone available to appellant so that appellant could arrange for a blood test to be administered at the jail. McGlothlin stated the following: "We are required to help them minimally, which means give them a phone or allow them the opportunity to get someone. We can't go to the hospital and turn them over to a doctor or anything like that. The person is under arrest." The record is silent as to what action appellant took after being told he could use the phone. Apparently, no arrangements were made; we are not provided with any evidence relating to what action, if any, appellant took to arrange, by telephone, an independent blood test.
Section 32-5A-194(a)(3), Code of Alabama 1975, provides, as follows:

*29 "The person tested may at his own expense have a physician, or a qualified technician, registered nurse or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the discretion of a law enforcement officer. The failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer."
We have previously held that there is no obligation on the part of police authorities to advise a defendant of the existence of this code section, Bush v. City of Troy, 474 So.2d 164, 166 (Ala.Cr.App.1984), aff'd, 474 So.2d 168 (Ala.1985), and that this provision requires an accused to first submit to a chemical test directed by an arresting officer as a prerequisite to the taking of additional tests at his request. Gibson v. City of Troy, 481 So.2d 463, 467 (Ala.Cr.App. 1985).
This court has never addressed the issue of what police authorities are required to do when an independent test is requested by a defendant in police custody. Other state courts, with statutory provisions similar to § 32-5A-194(a)(3), have resolved this question. For an excellent treatment of this subject see Annot., 45 A.L.R.4th 11 (1983). There is substantial authority to support the proposition that when an accused is entitled to an independent test, he must be allowed a reasonable opportunity to attempt to procure a timely independent test at his own expense and in no event may police authorities frustrate or interfere with these reasonable efforts without denying him due process of law. See, e.g., Brown v. Municipal Court of Los Angeles Judicial District, 86 Cal.App.3d 357, 150 Cal.Rptr. 216 (1978); In re Newbern, 175 Cal.App.2d 862, 1 Cal.Rptr. 80 (1959); Commonwealth v. Alano, 388 Mass. 871, 448 N.E.2d 1122 (1983); State v. Snipes, 478 S.W.2d 299 (Mo.), cert. denied, 409 U.S. 979, 93 S.Ct. 332, 34 L.Ed.2d 242 (1972); State v. Magai, 96 N.J.Super. 109, 232 A.2d 477 (1967); City of Blain v. Suess, 93 Wash.2d 722, 612 P.2d 789 (1980); State v. Reed, 36 Wash.App. 193, 672 P.2d 1277 (1983). See generally, 45 A.L.R.4th 11. To refuse an accused this reasonable opportunity, upon request, constitutes a violation of due process and results in the suppression of the test conducted by the police authorities. Brown.
We are in accord with the above cited authorities and hold that pursuant to § 32-5A-194(a)(3), due process requires that when an accused has complied with police requests to submit to a blood alcohol test and subsequently requests an independent blood alcohol test, the accused must be allowed a reasonable opportunity to obtain a timely, independent test at his own expense, and police authorities may not frustrate his attempts to do so. What is reasonable will depend upon the circumstances of each case.
In the instant case, appellant contends that the failure of police authorities to transport him to a local hospital was unreasonable under the circumstances. Appellant acknowledges that he was provided with access to a telephone and, apparently, declined its use. It has been held, by other courts, that the denial of telephone access constitutes a denial of the defendant's right to a reasonable opportunity to obtain his own test and, thus, a denial of due process. McCormick v. Municipal Court of Los Angeles Judicial District, 195 Cal.App.2d 819, 16 Cal.Rptr. 211 (1961); People v. Dawson, 184 Cal. App.2d Supp. 881, 7 Cal.Rptr. 384 (1960); Alano; Scarborough v. State, 261 So.2d 475 (Miss.1972), cert. denied, 410 U.S. 946, 93 S.Ct. 1353, 35 L.Ed.2d 613 (1973). It has been generally held that access to a telephone was all that due process required. See, Smith v. Cada, 114 Ariz. 510, 562 P.2d 390 (1977); Alano; Magai; Snipes.
In the instant case, we find that appellant was allowed a reasonable opportunity to arrange an independent test by being allowed access to a telephone. Without more evidence of the circumstances, we cannot say that the refusal to transport appellant to a hospital was unreasonable under the circumstances, for there are no circumstances which show the conduct of *30 McGlothlin to be unreasonable. Appellant was allowed access to a telephone and could have arranged to have an independent test conducted, at his own expense, at the place of incarceration. Based upon these facts, there is nothing to suggest that police authorities thwarted appellant's attempts to obtain an independent test and, thus, we find no due process violation.
We note that McGlothlin's statement that "We are required to help them minimally, which means give them a phone" is not entirely correct, for a phone call may not always, in all circumstances, satisfy the minimal requirements of due process. We, therefore, make no per se rule regarding whether the refusal to transport an accused to a certain location for an independent test is, under all circumstances, reasonable. However, appellant must demonstrate that, based on the totality of the circumstances, the police conduct was unreasonable by clear and convincing evidence in order to establish a due process violation. See Capler v. City of Greenville, Mississippi, 422 F.2d 299, 301 (5th Cir.1970). Based on the totality of the facts presented here, we conclude that the police authorities acted reasonably.

II
Appellant contends that the P.E.I. test results should have been suppressed because McGlothlin failed to comply with the State Department of Health regulation that requires that the machine "be on" for twenty minutes prior to the administration of the test. This contention is without merit. McGlothlin testified that a "green light" is automatically switched on when the machine has been "on" for twenty minutes, thus signifying that the machine is ready for use. The "green light" was signaling that the machine was ready for operation when the P.E.I. test was administered to appellant. We find that the test was conducted in accordance with the methods approved by the State Department of Health. Gibson v. City of Troy, 481 So.2d 463 (Ala.Cr.App.1985).

III
Appellant's third, and final, contention is that he was improperly sentenced as a second offender. At the sentencing phase of the instant case, the State introduced a certified copy of a prior Uniform Traffic Ticket and Complaint (U.T.T.C.) denominated as "COMPLAINT AND AFFIDAVIT COURT RECORD COPY" to enhance punishment as provided by § 32-5A-191(d). The "COURT ACTION AND DEPOSITION" portion of this U.T. T.C. indicates that appellant, after pleading guilty, was sentenced to a fine of $341 and that no jail time was imposed. This document is silent as to appellant's being represented by counsel at the taking of the guilty plea. No other evidence was offered concerning representation by counsel.
Section 32-5A-191(d) allows enhanced punishment for second D.U.I. offenders. Appellant's attorney objected to the use of this prior D.U.I. conviction, contending that appellant was not represented by counsel, nor did he waive his right to counsel at the guilty plea proceedings and, therefore, the prior D.U.I. conviction could not be used for enhancement purposes. The trial court ruled that where the prior conviction did not result in incarceration, it was valid for enhancement purposes and, therefore, overruled appellant's objections. The trial court sentenced appellant in accordance with "the basic minimum sentence on second conviction."
In Lacey v. State, 450 So.2d 472 (Ala.Cr. App.1984), this court held that an "accused does not have a right to counsel unless he actually receives a term of imprisonment in misdemeanor cases," applying the rule of Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), and Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The issue presented in the instant case is whether a D.U.I. conviction in which the accused was not represented by counsel, nor waived representation of counsel, can be used in a subsequent D.U.I. proceeding for purposes of enhancement, and if so, under what circumstances.
*31 This court has never specifically held that the State must establish that an accused either waived counsel or was actually represented by counsel at the time of a prior D.U.I. conviction in order to use the prior D.U.I. conviction for enhancement purposes as provided by §§ 32-5A-191(d) and (e). The court, in Gullatt v. City of Hoover, 459 So.2d 1006 (Ala.Cr.App.1984), intimated, by citing Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), that, to use a prior D.U.I. conviction for enhancement purposes, the prosecution must show that the defendant was represented by counsel or waived counsel. However, the precedential value of Gullatt, for the purposes of the instant case, is questionable, because the Gullatt court also conversely intimates, by citing Lacey, that proof of attendance of counsel or of a waiver is not required if no imprisonment resulted from the prior conviction. Thus, we restrict Gullatt to its narrow holding.
The principles upon which we resolve this issue begin with Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963), and through a series of cases culminate in the cursory per curiam opinion of Baldasar, supra. Gideon, 372 U.S. at 340-45, 83 S.Ct. at 794-97, held that the Sixth Amendment right to counsel applies to all state felony proceedings, making it unconstitutional to try a person for a felony in a state court unless he has a lawyer or has validly waived one. Later, Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967), established that prior, uncounseled felony convictions could not be used for enhancement purposes under a Texas recidivist statute. See also United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (wherein the Court held that a prior conviction, obtained in violation of Gideon, could not be considered by the judge in sentencing a defendant convicted of bank robbery).
The right to counsel was extended to misdemeanor prosecutions where the defendant was sentenced to a prison term, for in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the Court held that no person may be imprisoned for a misdemeanor conviction unless he was represented by counsel. The Court noted that, although Gideon involved a felony prosecution, the rationale of that decision applies to any criminal trial where the defendant's liberty is in jeopardy. Id. at 33, 92 S.Ct. at 2010. Argersinger expressly reserved the question of whether counsel must be provided if imprisonment is authorized punishment but not actually imposed. Id. at 37, 92 S.Ct. at 2012. This question was answered in Scott v. Illinois, 440 U.S. 367, 373, 99 S.Ct. 1158, 1161, 59 L.Ed.2d 383 (1979), wherein the Court held that the constitutional right to counsel in misdemeanor cases was limited to situations in which actual imprisonment was imposed as punishment. Thus, for the purpose of nonimprisonment misdemeanors, an uncounseled conviction is constitutionally valid; however, when actual imprisonment is imposed, the uncounseled conviction is constitutionally impermissible. Id. at 373-74, 99 S.Ct. at 1161-62. See also Lacey, supra.
Baldasar is the final case in this series and most directly addresses the question posed sub judice. Baldasar also creates the most problems in resolving this issue, for the interpretation of its holding has resulted in some conflict among state and federal courts. The Court in Baldasar was called upon to resolve the question of whether a valid uncounseled misdemeanor conviction, which did not result in imprisonment, could be used for the collateral purpose of enhancing punishment. 466 U.S. at 222. Defendant Baldasar was convicted of misdemeanor theft in May 1975. Baldasar was not represented by counsel, nor did he formally waive his right to counsel. Baldasar was sentenced to a fine and probation; thus, although uncounseled, the conviction was valid under Scott Subsequently, Baldasar was charged with a second offense under the same statute. Under Illinois law, a second conviction for this offense could be treated as a felony with a prison term of one to three years. The state introduced evidence of the prior 1975 conviction so that the crime would be enhanced to a felony. Objections were raised, questioning the reliability of the 1975 conviction due to lack of representation. The jury *32 returned a verdict of guilty on the felony charge, and Baldasar was sentenced to prison for one to three years. The conviction was affirmed by the Illinois Supreme Court, relying on Argersinger and Scott.
The United States Supreme Court reversed Baldasar's conviction by a five-four vote in a per curiam opinion, relying on reasons expressed in three separate concurring opinions. What these three concurring opinions actually hold has been the subject of some debate among federal and state courts. Several courts have applied the rationale of Marks v. United States, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977), in an attempt to discern the scope of Baldasar. In Marks, 430 U.S. at 193, 97 S.Ct. at 993, the Court held that where no opinion commands the support of a majority of the Justices, the holding of the Court is the position taken by the Justices who based their acquiescence in the decision on the narrowest grounds.
The concurring opinions of Justices Stewart and Marshall, with whom Justices Brennan and Stevens joined, declare that, even if the first uncounseled conviction was valid under Scott, it was not valid for all purposes, and, specifically "it was invalid for the purpose of depriving petitioner of his liberty." 446 U.S. at 226, 100 S.Ct. at 1587. (Marshall, J., concurring.) Justice Marshall concluded, "[A] conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute." Id. at 228, 100 S.Ct. at 1588.
The dissenting opinion, authored by Justice Powell, in which the Chief Justice and Justices White and Rehnquist joined, stated that an uncounseled conviction, which was valid under Scott, is valid for all purposes, including an enhanced sentence imposed at a subsequent conviction. Id. at 233, 100 S.Ct. at 1590.
Justice Blackmun concurred in the result and adhered to his dissent in Scott, in which he advocated a "bright line" approach, which would require counsel to be appointed whenever an indigent defendant is prosecuted for a non-petty criminal offense punishable by more than six months' imprisonment. Scott, 440 U.S. at 389-90, 99 S.Ct. at 1170. Justice Blackmun's dissent in Scott was based on his view that the Sixth Amendment right to counsel should extend further than that authorized by the majority in Scott Id. Thus, it is apparent to us that Justice Blackmun believed Baldasar's conviction was "invalid and may not be used to support enhancement and for that reason joined in the result." 446 U.S. at 230, 100 S.Ct. at 1589.
We further consider Justice Blackmun to have agreed with the concurring view that "prior uncounseled misdemeanor convictions could not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction," 446 U.S. at 226, 100 S.Ct. at 1587, and, thus, this rule can be carved out as the holding of the majority. However, it is not clear when the defendant must be attended by counsel on a conviction for such conviction to be used for enhancement purposes. Justice Blackmun, adhering to his views in Scott, asserted that if the prior misdemeanor conviction was punishable by imprisonment for more than six months, then counsel was required for the conviction to be used for enhancement. 446 U.S. at 230, 100 S.Ct. at 1589. The remaining concurring Justices were silent on this point. The "narrowest grounds" analysis of Marks would, therefore, require that we impose this limitation on the remaining concurrences.
Applying the rationale of Marks, we conclude that Baldasar establishes that, when a prior misdemeanor conviction is to be used for enhancement purposes under a recidivist statute, the State must establish that the defendant was represented by counsel or validly waived counsel at the prior proceeding, only if the prior misdemeanor was punishable by more than six months' imprisonment. We find that the six-month limitation espoused by Justice Blackmun is based on sound reason due to the myriad of misdemeanor statutes which are punishable by less than six months' imprisonment and not subject to enhancement under our current statutes. Under *33 our present legislation providing punishment for D.U.I. convictions, we will never have cause to apply the distinguishing factor of "six-months' possible punishment," because a first D.U.I. offense is punishable by "not more than one year." § 32-5A-191(c), Code of Alabama 1975. In adopting this interpretation of Baldasar, we recognize that some federal courts refuse to find any holding from Baldasar; yet, they have reached the same result as in the case before us. See, e.g., Schindler v. Clerk of Circuit Court, 715 F.2d 341, 345 n. 5 (7th Cir.1983), cert. denied, 465 U.S. 1068, 104 S.Ct. 1419, 79 L.Ed.2d 745 (1984) (wherein the court, after analyzing Baldasar in light of Marks and finding that Baldasar's concurring opinions shared no common denominator, ruled, on a different ground, that a prior uncounseled conviction for D.U.I. could properly be used for enhancement since a first D.U.I. offender is subject only to a fine); United States v. Robles-Sandoval, 637 F.2d 692, 693 n. 1 (9th Cir.), cert. denied, 451 U.S. 941, 101 S.Ct. 2025, 68 L.Ed.2d 330 (1981) (wherein the court, although concluding that no rule resulted from Baldasar, allowed use of a prior uncounseled deportation proceeding which was not punishable by more than six months' imprisonment). Another federal court has interpreted the holding of Baldasar to be that view espoused by Justice Marshall's concurring opinion, Addvensky v. Gunnell, 605 F.Supp. 334, 338 (D.Conn.1983), and one has gone further and analyzed Baldasar as we have, to conclude that Justice Marshall's holding, narrowed by Justice Blackmun's limitation, is the rule to be surmised from Baldasar. Santillanes v. United States Parole Commission, 754 F.2d 887 (10th Cir.1985).
In state court decisions, the rule in Baldasar has been interpreted, by a majority of courts, to be that view espoused in Justice Marshall's concurring opinion, without Justice Blackmun's limitation. However, at least one state court has interpreted Baldasar consistent with our conclusion as to the six-month limitation. In State v. Novak, 107 Wis.2d 31, 318 N.W.2d 364, 368 (1982), the court noted that the majority in Baldasar agreed "that an uncounseled conviction of a crime punishable by over six months' imprisonment may not be used to enhance the sentence imposed upon a subsequent conviction"; however, in Novak, the initial driving while intoxicated conviction did not expose the defendant to any term of imprisonment, but was rather a civil forfeiture and, therefore, Baldasar did not prohibit use of the prior conviction. Id. While we do not agree with all the analysis by the Novak court, we believe it reaches the correct result, which is consistent with our interpretation of Baldasar. A similar result was reached in State v. Orr, 375 N.W.2d 171, 176 (N.D.1985), wherein the court read Baldasar as we do, stating "that an uncounseled misdemeanor conviction punishable by more than six months' imprisonment cannot under the Sixth Amendment be used to increase a prison term under an enhanced penalty provision." Since Orr was not imprisoned and his prior offense was not punishable by more than six months' imprisonment, Baldasar was inapplicable to that case. Id. However, the court in Orr proceeded to apply state constitutional provisions to require the assistance of counsel to prior D.U.I. convictions "regardless of the penality to be imposed." Id. at 178-79.
Long before Baldasar, the Louisiana Supreme Court decided that "prior uncounseled D.W.I. conviction[s] may not be used to subject the accused to prosecution and imprisonment as a repeat D.W.I. offender, whether or not his sentence following that prior conviction included imprisonment." City of Monroe v. Fincher, 305 So.2d 108, 110 (La.1974). The court in Fincher applied the rules announced in Argersinger, and concluded that "the first conviction causes imprisonment after a second conviction...that first conviction ends up in defendant's imprisonment, although such imprisonment does not immediately succeed the first conviction." Id. This rationale is almost identical to the rationale expressed by Justice Marshall in Baldasar, 446 U.S. at 226, 100 S.Ct. at 1587, wherein he states, "That petitioner has been deprived of his liberty `as a result of [the *34 first] criminal trial' could not be clearer." See also City of Monroe v. Coleman, 304 So.2d 332 (La.1974); State v. Guillotte, 297 So.2d 423 (La.1974). The Louisiana Supreme Court based its decision on the fact that the prior D.U.I. convictions resulted in the imprisonment of the defendant and left open the question of what the Sixth Amendment required "where loss of liberty is not involved." Fincher, 305 So.2d at 109. Thus, while these Louisiana cases are not directly in agreement with our holding today, merely because they have not addressed the issue directly, they are sufficiently analogous to support our conclusion.
Several state courts have interpreted Baldasar, without regard to the six-month limitation, to forbid the use of uncounseled prior misdemeanor convictions for enhancement purposes. See, e.g., State v. Oehm, 9 Kan.App.2d 399, 680 P.2d 309 (1984); People v. Olah, 409 Mich. 948, 298 N.W.2d 422 (1980), cert. denied, 450 U.S. 957, 101 S.Ct. 1415, 67 L.Ed.2d 381 (1981); People v. Stratton, 148 Mich.App. 70, 384 N.W.2d 83 (1985); State v. Nordstrom, 331 N.W.2d 901 (Minn.1983) (statutes require counsel in misdemeanor cases going beyond that established in Scott); State v. Wilson, 684 S.W.2d 544 (Mo.App.1984); State v. Smith, 213 Neb. 446, 329 N.W.2d 564 (1983); State v. Ulibarri, 96 N.M. 511, 632 P.2d 746, cert. quashed, 96 N.M. 543, 632 P.2d 1181 (1981); State v. Spears, 666 S.W.2d 485 (Tenn.Cr.App.1984); State v. Armstrong, 332 S.E.2d 837 (W.Va.1985). We believe that these cases support our conclusion that Baldasar forbids the use of prior uncounseled misdemeanor convictions for enhancement purposes. We apply the six-month imprisonment limitation based on our independent reading of Baldasar, applying a Marks analysis.
In the instant case, the State offered into evidence a certified copy of a U.T.T.C. which indicated that appellant has pleaded guilty to the charged D.U.I. offense. There is nothing on this U.T.T.C. which indicates that appellant was represented by counsel or that he validly waived counsel at that proceeding. As we have previously noted, a first D.U.I. offense is punishable by up to one year's imprisonment and, therefore, Baldasar requires that the State establish that appellant had counsel or validly waived counsel at the time of the prior D.U.I. conviction.
Based on the foregoing, the conviction for D.U.I. is affirmed; however, the sentence imposed is reversed; and the case is remanded to the trial court for further proceedings not inconsistent with this opinion. If the State cannot adduce evidence sufficient to establish the representation by counsel, or a valid waiver thereof, at the time of the prior D.U.I. conviction, then the prior D.U.I. conviction cannot be used to support enhancement.
CONVICTION AFFIRMED; SENTENCE REVERSED; REMANDED WITH INSTRUCTIONS.
BOWEN, TAYLOR and McMILLAN, JJ., concur.
TYSON, J., concurs specially.
TYSON, Judge, concurring specially.
I concur specially in the opinion of the majority in this cause.
I would make no restriction, whatever, on this court's opinion in Gullatt v. City of Hoover, 459 So.2d 1006 (Ala.Crim.App. 1984) as I believe this case to have been correctly decided by this court.
Moreover, I believe the appellant's appropriate remedy to challenge the alleged lack of counsel at the time of any prior conviction to be by way of Petition for Writ of Error Coram Nobis setting forth the appropriate grounds. See Jones v. State, 431 So.2d 1367 (Ala.Crim.App.1983) and Gullatt v. City of Hoover, supra.

On Return to Remand
PATTERSON, Judge.
We affirmed the conviction in this case, but remended the case to the trial court for further sentencing proceedings. Having held that the prior D.U.I. conviction could not be used for enhancement purposes unless the state could show that appellant had been represented by counsel at the time, or *35 had waived counsel, we directed on remand that the trial court afford the state an opportunity to show that the prior conviction was counseled.
The trial court complied with our order and has filed a return with this court. The return shows that a hearing was held on July 24, 1987, with appellant and counsel present. The state was apparently unable to show that appellant was represented by counsel or had waived counsel at the time of the prior conviction, and the court resentenced appellant. Appellant was ordered to pay a $500 fine and costs of court and was directed to attend D.U.I. school. This sentence is within the range allowed for a first offender and is authorized by § 32-5A-191. The sentence is due to be, and it is hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.