John Jowers appeals from his conviction for harassment and his subsequent sentence of 30 days in jail, and his $350 fine. That jail sentence was suspended and he was placed on probation for two years. He argues that his conviction was unconstitutionally obtained, because he was not represented by counsel at trial. Jowers did not receive actual jail time in sentencing.
In Salter v. State, 470 So.2d 1360 (Ala.Cr.App. 1985), this court held that "the constitutional right to counsel is limited to criminal offenses resulting in actual imprisonment." Id., at 1362 (emphasis added). The dissent appears to advocate that we change the law and extend the Sixth Amendment right to counsel to indigent defendants charged with any offense for which imprisonment is authorized by statute, even if the conviction does not result in imprisonment. However, the dissent cites no law which would support such a change, and we are not persuaded to so change the law.
The dissent cites Argersinger v. Hamlin, 407 U.S. 25,92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), for the proposition that the Sixth Amendment applies to all criminal proceedings that may possibly result in a jail sentence. On the contrary,Argersinger holds, as follows:
 "[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at trial.
". . . .
 "Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.
 "The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of 'the guiding hand of counsel' so necessary when one's liberty is in jeopardy.' "
Id., at 37-40, 92 S.Ct. at 2012-14 (footnotes omitted). TheArgersinger Court expressly reserved ruling on "the requirements of the Sixth Amendment as regards the right to counsel where [actual] loss of liberty is not involved." Id.,407 U.S. at 37, 92 S.Ct. at 2012.
Salter, on the authority of which we decide this case, relies on Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158,59 L.Ed.2d 383 (1979) (affirming an indigent appellant's conviction for theft, which was obtained without the benefit of counsel, in a case where imprisonment was an authorized penalty but in which appellant was only fined $50). In Scott, the Supreme Court wrote:
 "[T]he central premise of Argersinger — that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment — is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointed counsel."
Id., 440 U.S. at 373, 99 S.Ct. at 1162.
Jowers's sentence of probation does not constitute actual imprisonment. Therefore, under Argersinger, Scott, and Salter, Jowers's Sixth amendment rights were not violated. *Page 280 
If in the future, the trial court revokes Jowers's probation and sentences him to jail, that revocation may constitute a violation of Jowers's Sixth Amendment right to appointed counsel. However, we will not reverse the trial court on the mere possibility that, at a remote and future date, Jowers's Sixth Amendment right may be violated.
AFFIRMED.
McMILLAN and COBB, JJ., concur.
TAYLOR, P.J., dissents with opinion.
LONG, J., joins in the dissent.