I disagree with the majority opinion, which holds that there is no right to counsel in a misdemeanor case when a sentence is imposed and then suspended. In Minnifield v. City of AlexanderCity, 616 So.2d 403, 406 (Ala.Cr.App. 1993), we held:
 "`[C]onviction of an uncounseled criminal defendant is constitutionally permissible so long as the defendant is not sentenced to a term of imprisonment. If an uncounseled defendant is sentenced to prison [or jail], the conviction itself is unconstitutional.' United States v. Eckford, 910 F.2d 216, 218 (5th Cir. 1990). `The right of a defendant to counsel in misdemeanor cases is limited to instances where the defendant was actually sentenced to jail.' Lloyd v. Director, Department of Public Safety, 480 So.2d 577, 578
(Ala.Civ.App. 1985)."
(Emphasis added.) Furthermore,
 "[t]he fact that some sentences `to imprisonment' may be suspended or probated relates only to the terms of the execution and not to their basic definitional nature as sentences to imprisonment in the penitentiary."
Parker v. State, 648 So.2d 653, 655 (Ala.Cr.App. 1994). InWilliams v. City of Phenix City, 659 So.2d 1004 (Ala.Cr.App. 1995), this court held:
 "`Although Scott [v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979),] did not address the issue of whether a conditionally suspended term of imprisonment constitutes a "sentence to a term of imprisonment," the conclusion clearly follows from its holding. If a defendant cannot be ordered to serve a sentence of imprisonment, it seems obvious that a conditional sentence of imprisonment is equally invalid.' United States v. Reilley, 948 F.2d [648,] 654 [(10th Cir. 1991)]. . . .
 "We hold that a conditionally suspended sentence of imprisonment cannot be imposed on an indigent defendant who is denied counsel."
659 So.2d at 1006. The majority distinguishes Williams from the present case because Williams' release from jail was conditioned on the payment of fines. However, the language of Williams is unequivocal; it does not draw such a distinction. In Culberson v.State, 709 So.2d 1327 (Ala.Cr.App. 1997), we unanimously reaffirmed the holding in Williams. The majority argues that the holding in Culberson was erroneous and that we should have relied on Jowers v. City of Selma, 688 So.2d 278 (Ala.Cr.App. 1996), which held that there is no Sixth Amendment right to counsel where the defendant receives a suspended sentence and he does not actually serve time in jail. However, two judges dissented inJowers and, before Culberson was decided, the composition of the court had changed. Finally, Jowers did not overrule or distinguish Williams. In fact, the majority in Jowers completely ignored the holding in Williams.
The dissent in Jowers noted:
 "The United States Supreme Court in Argersinger v. Hamlin, 407 U.S. 25, 92 S.ct. 2006, 32 L.Ed.2d 530 (1972), held that an accused is entitled to be represented by counsel when charged with a misdemeanor offense, if the accused faces a possible jail sentence as a result of conviction of that offense. The United States Supreme Court, quoting its opinion in Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) stated:
 "`"[T]he prospect of imprisonment for however short a time will seldom be viewed by the accused as a trivial or `petty' matter and may well result in quite serious repercussions affecting his career and his reputation.'"
"407 U.S. at 37, 92 S.Ct. at 2012.
 "The requirements of Argersinger v. Hamlin cannot be avoided by the court's *Page 1064 
placing the defendant on probation in lieu of imprisonment. The appellant here faces imprisonment if he violates the terms of his probation or fails to pay his fines."
688 So.2d at 280 (Taylor, P.J., dissenting, with Long, J., joining the dissent). The dissent in Jowers pointed out a major flaw in the rule that an accused is not entitled to counsel if his sentence is suspended. When a trial court suspends or probates a sentence, the court retains the authority to revoke that suspended or probated sentence and to reinstate the remaining term of imprisonment. If the court subsequently revokes the suspended or probated sentence, then the appellant faces actual imprisonment. At that time, the appellant's right to counsel is implicated. If he was not represented by counsel in the prior proceedings and had not validly waived counsel, then his conviction would be unconstitutional once the suspended or probated sentence was reinstated. Thus, in such a case, a trial court would be prevented from revoking the suspended or probated sentence without invalidating the conviction. Essentially, the suspended or probated sentence would be a nullity because it could not be enforced. The majority in Jowers recognized this problem, stating, "If in the future, the trial court revokes Jowers's probation and sentences him to jail, that revocation may constitute a violation of Jowers's Sixth Amendment right to appointed counsel." 688 So.2d at 280.
In light of the effect of the majority's holding on the enforcement of suspended and probated sentences, the better reasoned holding is "that a conditionally suspended sentence of imprisonment cannot be imposed on an indigent defendant who is denied counsel," as espoused by our holdings in Williams andCulberson. See also United States v. White, 529 F.2d 1390, 1394
n. 4 (8th Cir. 1976) (stating, "we are unwilling to affirm [on direct appeal] the imposition of a suspended prison sentence since the possibility exists of its ripening into unconstitutional imprisonment"). Furthermore, this rule would not create an undue burden because "every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed . . . unless the accused is represented by counsel." Argersinger v. Hamlin,407 U.S. 25, 40, 92 S.Ct. 2006, 2014, 32 L.Ed.2d 530 (1972). For the foregoing reasons, I must respectfully dissent.
 *Page 529